**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**Kirkland L. Bryant III**

**Plaintiff,**

**v.**

L. Blair, K. Hoover, J. Crenshaw, B. Douglas, CoreCivic Inc, and North-East Ohio Correctional Center

**Defendants.**

**4:26 CV 1175**

**JUDGE PEARSON**

**MAG. JUDGE HENDERSON**

**FILED**

MAY 2 0 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

## JURISDICTION

The suit that is brought forward is pursuant to U.S.C. 42 Section 1983 seeking a declaratory judgment and an injunction to redress the past deprivation and to prevent the future deprivation by the defendants and their agents—acting under color of State law or ordinance of the rights, privileges, and amenities secured by the Constitution of the United States. Specifically, this action addresses the **Due Process and Equal Protection clauses of the 14th Amendment**, as well as the **Cruel and Unusual Punishment, Neglect, and Failure to Protect clauses of the 8th Amendment**.

## VENUE

The named venue is appropriate in accordance with U.S.C. 28 Sections 1331 and 1343(1)(a)(3).

## PARTIES

**Plaintiff:**

- **Kirkland L. Bryant III** is and was at all times mentioned in this Complaint a Federal Appellant Detainee in the custody of the United States Marshal Services and housed at **North-East Ohio Correctional Center (NEOCC)**.

**Defendants:**

- **Defendant #1: L. Blair** is and was at all times mentioned in this complaint the **Managing Director of NEOCC**. He is responsible for the actions and day-to-day operations of the Warden and the administrative team at NEOCC. He is also responsible for the safety and security of every individual—staff and inmate alike—within the facility.
- **Defendant #2: K. Hoover** is and was at all times mentioned in this complaint the **Warden of NEOCC**. He is charged with the custody and care of the Plaintiff. He is the highest level of authority within NEOCC walls and is responsible for the appointment, employment, and oversight of facility staff and the safety and security of every individual within the facility.
- **Defendant #3: J. Crenshaw** is and was at all times mentioned in this complaint the **Assistant Warden of NEOCC Marshal side**. He is responsible for the actions and day-to-day operations of the administrative and unit teams and staff on the Marshal side, as well as the entire Marshal side itself. He is also responsible for the safety and security of every individual within the facility.
- **Defendant #4: B. Douglas** is and was at all times mentioned in this complaint the **Chief of Security on NEOCC Marshal side**. He is responsible for the actions and day-to-day operations of the staff and the segregation unit on the Marshal side. He is also responsible for the safety and security of every individual within the facility.

## STATEMENT OF THE FACTS

On **November 24th, 2025,** Plaintiff was ambushed and stabbed approximately seventeen (17) times, suffering broken bones, a punctured lung, and other life-threatening injuries. Plaintiff was taken by ambulance to **Mercy Hospital - St. Elizabeth,** where he was admitted for **Emergency Surgery**.

Plaintiff was treated for a collapsed lung, a broken rib, and 17 punctures and lacerations. He was unable to breathe properly without the assistance of an oxygen tank, coughing up blood, and going in and out of consciousness. Plaintiff was placed on intravenous sedation—**100 mg of ketamine.**

Plaintiff's admitting physician was **Brian Gruber, MD (MRN: 70138081)**. Plaintiff's active medical problems included:

- **Hemopneumothorax on right**.
- **Pneumothorax, traumatic** (Examination: 11/24/25).
- **Right chest tube placement** with its tip in the medical right upper chest.
- **Anteromedial pneumothorax** in the lower right chest.
- **Pulmonary contusion and pneumatocele** in the posterior right apex.
- **Fracture of the posterior interlox medical right 3rd rib** adjacent to the pulmonary findings.
- **Right pleural effusion**.
- **Patchy and linear consolidation** of the posterior and lateral right lung base extending to a mild area of pleural thickening in the posterior-medical right lower chest.
- **Patchy atelectasis** of the posterior left lower lobe.
- **Subcutaneous air** in the posterior medical right upper paraspinous muscles.
- **Air dissecting inferiority** into the posterior right lower neck paraspinous muscles.
- **Air dissecting inferiority** into the superficial muscular wall of the posterior-lateral right upper abdomen.
- **Scoliosis of the upper right thoracic spine** convex towards the left.
- **Hemorrhage** in the posterior-lateral subcutaneous fat of the right lower abdominal wall.
- **C5-C6 disc degenerative disease**.
- **Diffuse disc bulge** with mild posterior osteophylic ridging impinging upon the anterior cervical cord.
- **Enlarged heart** and congested pulmonary vessels (Examination X-ray, 11/24/25 at 2:45 PM).

## MONITORING AND SAFETY

The patient was placed on a **cardiac monitor**, and vital signs, pulse oximetry, and level of consciousness were continuously evaluated throughout the procedure. The patient was closely monitored until recovery from the medications was complete and the patient had returned to baseline status. **Respiratory therapy** was on standby at all times during the procedure.

Plaintiff was administered the following medications:

- **Sodium chloride flush** (0.9% injection 5-40 mL).
- **Acetaminophen** (650 mg).
- **Oxycodone** (5 mg) and **Oxycodone HCl** (10 mg).
- **Hydromorphone** (Injection of 0.5 mg).
- **Ondansetron** (Injection of 4 mg).
- **Polyethylene glycol** (17 g).
- **Senokot-S** (8.6-50 mg).
- **Lactated Ringers infusion** and **Lidocaine 4% external patch**.

## SYSTEMIC FAILURES AND PATTERN OF INACTION

**CoreCivic** maintained policies, practices, or customs prioritizing operational convenience and cost-cutting over inmate safety, directly causing Plaintiff's injuries. This is a established pattern and practice evidenced by similar incidents resulting in inmate deaths and an average of **at least 1 (one) stabbing per week**.

According to **Leach v. Shelby County Sheriff, 891 F.2d 1241 (6th Cir. 1989)**, such a pattern of inaction establishes **deliberate indifference**.

Defendants have refused to produce and assist the Plaintiff by providing:

- **Incident reports** and **classification records**.
- **Surveillance footage** and **internal investigations**.
- Electronic information such as **X-rays and prescriptions**.

This denial of evidence, alongside mediocre internal investigations and the blocking of external authorities, constitutes a clear path of **obstruction of justice under 18 USC §1503 Omnibus Clause**.

4

## CAUSE OF ACTION

### Count 1: Eighth Amendment – Deliberate Indifference & Failure to Protect

Under **Farmer v. Brennan, 511 U.S. 825 (1994)**, prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners. Defendants were **"reckless in a criminal sense"** as they had **"actual knowledge"** of a potential danger yet disregarded it.

Defendants knew of the excessive risk to Plaintiff's safety but disregarded it to free space in segregation. Plaintiff was placed in protective custody from **7/17/2025 to 11/21/2025** specifically due to documented threats to his safety and known **gang affiliations**. This risk went far beyond general prison violence.

Plaintiff alerted staff that his life would be in danger (**Wilson v. Yaklich, 148 F.3d 596, 600 (6th Cir. 1998)**). Despite this, Defendants suddenly released Mr. Bryant from protective custody on **November 21st, 2025**, into the general population without notice, justification, or a safety plan.

The Warden was aware of the substantial risk posed to any inmate placed in protective custody. The officials drew the inference of risk and then disregarded it. **Subjective recklessness** is the appropriate test for deliberate indifference in this matter. Policy-level failures regarding staffing and classification tie this harm directly to **CoreCivic (Clark v. CoreCivic, 2025 U.S. Dist. Lexis 145974)**.

The attack was entirely foreseeable and preventable. Defendants' actions were reckless and callous, demonstrating indifference to Mr. Bryant's Federally protected rights (**Street v. Corr. Corp. Of Am., 102 F.3d 810, 815 (6th Cir. 1996)**).

### Count 2: 14th Amendment – Due Process

Plaintiff had a **liberty interest** in continued protective custody once it was established that a prior incident took place on **7/17/2025**. That prior incident involved a physical assault that altered **4 teeth permanently**, caused a **concussion**, and created lasting **anxiety**.

Defendants deprived Plaintiff of that interest without notice, hearing, or procedural safeguards. They failed to follow policies intended to ensure that those in CoreCivic's care are treated humanely.

5

### *Count 3: Corporate Liability*

**CoreCivic** is liable under **§1983** for unconstitutional policies, customs, and failure to properly train and supervise its employees. These customs include:

- **Chronic under-staffing** and inadequate supervision.
- **Deficient classification** and threat assessment procedures.
- **Systemic disregard** of detainees' pleas for protection.
- **Pressure to reduce segregation populations** without regard for safety.
- **Failure to train officers** on responding to known threats.

As a private prison contractor performing a traditional government function, CoreCivic is liable for constitutional violations caused by these practices (**Monell liability**) (**Street v. Corr. Corp. Of Am., 102 F.3d 810 (6th Cir. 1996)**). **Punitive damages** are applicable as the conduct reflects callous disregard for federally protected rights.

### Count 4: Damages

Plaintiff's damages include:

- **Life-threatening physical injuries.**
- **Emergency and ongoing medical treatment.**
- **Permanent physical impairment and scarring.**
- **Severe psychological trauma**, including ongoing fear and anxiety.
- **Pain, suffering, and loss of enjoyment of life.**

A jury will find these facts disturbing, particularly given that Mr. Bryant warned CoreCivic employees in advance and was nonetheless placed directly into harm's way.

### Count 5: Deprivation of Rights

Following the incident on **11/24/25**, Mr. Bryant was placed in segregation without written notice of charges, a written statement of reasons, or the opportunity to call witnesses or present evidence (**Wolff v. McDonnell, 418 U.S. 539 (1974)**).

Due process guarantees the prohibition of government depriving an inmate of life, liberty, or property without appropriate procedural process. Plaintiff was placed in solitary confinement without a hearing or proof of major acts of misconduct.

### Count 6: Improperly Withholding Evidence & Denying Right to Review

27 **North-East Ohio Correctional Center** has refused to produce or permit inspection of:

- **Surveillance footage** and photos of the incident.
- **Medical records** (prescriptions, injury charts, X-rays).
- **Incident reports**, disciplinary logs, and investigation reports.
- **Policies and training manuals**.
- **Relevant e-mails** and communications.

28 Prisoners have a qualified right to present documentary evidence, including surveillance, where liberty interests are at stake (**Superintendent v. Hill, 472 U.S. 445 (1985)**).

## 29 INTEGRATED CASE LAW

The following case law is integrated to strengthen this complaint:

- **Marsh V. Arn, 937 F. 2d 1056, 1061 (6th Cir. 1991)**.
- **Hicks V. Frey, 992 F. 2d 1450, 1458 (6th Cir. 1993)**.
- Miller V. Shelby County, 93 F. Supp. 2d 892 (W.D Tenn. 2000).
- **Walsh v. Brewer, 733 F. 2d 473, 476 (7th cir. 1984)**.
- **Farmer v. Brennan, 511 U.S. 825 (1994)**: Regarding "subjective recklessness" as the test for deliberate indifference.

### PRAYER FOR RELIEF

30 Plaintiff anticipates the discovery of documents and evidence within the control of the defendants that must be reviewed before a final calculation of damages. However, in no circumstances will the amount of damages be less than **$5,000,000**.

31 Plaintiff requests that the Court:

1. **Declare** that defendants violated plaintiff's constitutional rights.
2. **Award compensatory damages**.
3. **Award punitive damages**.
4. **Award costs** and other relief the Court deems just.
5. **Grant a trial by jury** for all issues triable.

## CERTIFICATION AND CLOSING

32. Under **Federal Rule of Civil Procedure 11**, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

    1. Is not being presented for improper purpose.
    2. Is supported by existing case law.
    3. Factual contentions have evidentiary support.
    4. Complies with the requirements of **Rule 11**.

Respectfully Submitted,

**Kirkland L. Bryant III**

**Signature:** _____

**Date:** _____4-28-26_____

8